UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELLIOT PILTON,

       Plaintiff,

v.

HEIDI WASHINGTON,
SHERRY L. BURT,
MICHAEL WILKINSON,
RN REXFORD, and
RN POULIN,

       Defendants.
_____/

Case No. 2:20-cv-11415
Honorable George Caram Steeh

## ORDER TRANSFERRING CASE TO THE FEDERAL DISTRICT COURT IN THE WESTERN DISTRICT OF MICHIGAN

### I. Introduction and Background

This *pro se* matter came before the Court on plaintiff Elliot Pilton's "Emergency Application for a Temporary Restraining Order and/or Injunction." (ECF No. 1.) The application was filed as a civil rights complaint because plaintiff states in the first paragraph of his application that "[t]his is a civil rights action."

Plaintiff is a state prisoner at the Muskegon Correctional Facility (MCF) in Muskegon, Michigan. The defendants are: Heidi Washington, Director of the Michigan Department of Corrections; Sherry Burt, the

- 1 -

warden at MCF; Michael Wilkinson, Director of Health Care at MCF; and two registered nurses identified as RN Rexford and RN Poulin.

Plaintiff makes the following allegations in his emergency application. On April 4, 2020, he complained about severe leg pain and was taken to the health care unit at MCF for an examination. At approximately 8:00 p.m. that day, he was taken to the emergency room of a hospital where a physician prescribed Keflex and Motrin three times a day for ten days. The physician also ordered plaintiff to stay off his feet.

On April 5, 2020, plaintiff was taken back to MCF and placed in administrative segregation because he may have been exposed to the coronavirus disease (COVID-19) at the hospital. After twenty-four hours in administrative segregation, he was placed in the general population at MCF.

On April 7, 2020, plaintiff went to see RN Rexford, who took the wheelchair that was assigned to plaintiff and failed to prescribe Motrin or the Keeflex antibiotic. Rexford also did not discuss a course of treatment with plaintiff, nor mention any consultations with a physician qualified to treat plaintiff's condition.

On April 10, 2020, plaintiff was given a wheelchair to use because he was unable to walk to the health care unit where he had an appointment

with a physician's assistant. When he arrived for his appointment, RN Poulin blocked the entrance to the health care unit and told plaintiff that he had to get out of his wheelchair and use the cane that she had procured if he wanted to see the nurse. Plaintiff informed Poulin that he had degenerative arthritis, bone spurs and broken screws in his left ankle, and infected veins in his right calf and thigh. He also informed Poulin that his right leg extends only about eighty degrees and that his blood had become septic because, according to the emergency room physician, there were high levels of bacteria in his urine. Poulin, nevertheless, responded, "So what, walk with this cane. You can walk if you want to see the nurse." Plaintiff then returned to his housing unit where the wheelchair was taken from him. On April 13, 2020, plaintiff was permitted to see a physician's assistant, but only after he succumbed to Poulin's demand to use a cane.

Plaintiff alleges that he continues to experience severe pain, stiffness and limited mobility in his right leg, and that he cannot walk properly. He argues that he is entitled to a temporary restraining order and preliminary injunction because he has been denied adequate medical care for a serious medical need, contrary to a physician's instructions.

Plaintiff also alleges that he has a compromised immune system and while he was hospitalized, he had close contact with at least ten people

who told him that they had been exposed daily to COVID-19. He contends that his pre-existing conditions, present suffering, and the deliberately indifferent medical staff weigh in favor of granting him injunctive relief. He seeks temporary release on bond to his family until the COVID-19 pandemic is under control. In his opinion, the defendants cannot adequately protect him, despite wholesale changes to their cleaning policies, screening of staff, and the cancellation of visits.

## II. Discussion

A preliminary question is whether this district is the proper venue for plaintiff's complaint. A civil action may be filed in

> **(1)** a judicial district in which any defendant resides, if all [the] defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Public officials "reside" in the judicial district where they perform their official duties. O'Neill v. Battisti, 472 F.2d 789, 791 (6th Cir. 1972) (per curiam) (quoting 1 Moore's Federal Practice 1487-88). And a district court

may transfer a civil action to any district where the action could have been brought.  28 U.S.C. §§ 1404(a) and 1406(a).

The events or omissions giving rise to plaintiff's application occurred at MCF.  Furthermore, defendant Heidi Washington maintains an office in Lansing, Michigan, and the remaining defendants (Burt, Wilkinson, Rexford, and Poulin) perform their official duties at MCF in Muskegon.  The city of Muskegon is part of Muskegon County, and Lansing is located in Ingham County.  Ingham and Muskegon Counties lie within the geographical confines of the United States District Court for the Western District of Michigan.  *See* 28 U.S.C. § 102(b)(1).  Accordingly, the proper venue for plaintiff's civil rights action is the United States District Court for the Western District of Michigan.

The Court orders the Clerk of Court to transfer this case to the federal court in the Western District of Michigan pursuant to 28 U.S.C. §§ 1391(b), 1404(a), and 1406(a).  The Court has not screened plaintiff's emergency application under 28 U.S.C. §§ 1915(e)(2) and 1915A, nor determined whether plaintiff may proceed without prepayment of the fees and costs for this action.

Date: June 8, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 8, 2020, by electronic and/or ordinary mail and also on Elliot Pilton #806822, Muskegon Correctional Facility, 2400 S. Sheridan, Muskegon, MI 49442.

s/Brianna Sauve
Deputy Clerk