UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ELLIOT PILTON,

        Plaintiff,                Case No. 1:20-cv-524

v.                                      Honorable Paul L. Maloney

HEIDI WASHINGTON et al.,

        Defendants.
_____/

## OPINION

This action was initially filed in the United States District Court for the Eastern District of Michigan. That court docketed this matter as a civil rights action brought by a state prisoner and addressed it as such because Plaintiff stated in the first paragraph of his pleading that "'[t]his is a civil rights action.'" (Order, ECF No. 2, PageID.65.)

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which the relief he seeks can be granted.

**Discussion**

I. **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility (MCF) in Muskegon County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues MDOC Director Heidi Washington, MCF Warden Sherry L. Burt, MCF Director of Healthcare Michael Wilkinson, and MCF Registered Nurses Unknown Rexford and Unknown Poulin.

Plaintiff's complaint, titled as an emergency application for temporary restraining order or injunction, is comprised of three distinct sets of factual allegations.[1] First, Plaintiff alleges that on April 4, 2020, he sought treatment for severe leg pain. Plaintiff has degenerative arthritis, bone spurs, and broken screws in the left ankle. He was taken to the emergency room at Mercy Hospital. The physician there wrote an order that Plaintiff was to receive Keflex, an antibiotic, and Motrin three times a day for ten days. According to Plaintiff, he has infected veins in his right calf and thigh.

When Plaintiff returned to MCF the next day he was quarantined in administrative segregation. He was released into the general population after a day in quarantine. On April 7, 2020, he saw Defendant Rexford. Rexford never followed through on the emergency room doctor's orders regarding Keflex and Motrin. Rexford never discussed any continued course of treatment with Plaintiff.

---

[1] Plaintiff has filed a motion to amend. (ECF No. 6.) The Court has considered all of the allegations and argument in Plaintiff's motion as a supplement to his complaint. Under Federal Rule of Civil Procedure 15(a)(1), Plaintiff is permitted to amend his pleading once as a matter of course. Therefore, the Court will deny his motion to amend as moot, even thought he Court will consider the proposed amendments.

On April 10, 2020, Plaintiff returned to healthcare. He arrived in a wheelchair. Defendant Poulin refused to permit Plaintiff entrance in the wheelchair. She demanded that he use a cane. Plaintiff left.

On April 13, 2020, Plaintiff was seen by Physician's Assistant Hoover (not a defendant) because he used a cane.

Plaintiff alleges that he continues to experience pain stiffness and limited mobility in his right leg and cannot walk properly. Plaintiff contends that the actions of Rexford and Poulin constitute deliberate indifference to his serious medical needs, violating his Eighth Amendment rights.

Plaintiff's pleading then shifts away from the facts relating to his legs into claims relating to the risks he faces because of the COVID-19[2] virus. Plaintiff contends that his vulnerable medical state, combined with the severity of the virus and the impossibility of maintaining distance in the prison environment also demonstrate Defendants' deliberate indifference to his serious medical needs.

On the strength of these claims, Plaintiff claims the proper remedy, and the only remedy he seeks, is his immediate release. Plaintif bolsters his request by introducing a third set of facts: the federal constitutional challenges he is now presenting in state court to invalidate his conviction.

---

[2] In *Wilson v. Williams*, __ F.3d _ , 2020 WL 3056217 (6th Cir. June 9, 2020), the Sixth Circuit described the COVID-19 problem as follows:

> The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson*, 2020 WL 3056217, at *1.

Under relief requested, Plaintiff asks the Court for one thing, to "release him from [MCF] into the custody of his family with the terms and conditions as this Court sees fit." (Compl., ECF No. 1, PageID.12.)

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim on which relief can be granted if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

**III.     Release**

The relief Petitioner seeks—release from custody—is available only upon habeas corpus review. "The Supreme Court has held that release from confinement—the remedy petitioner[] seek[s] here—is 'the heart of habeas corpus.'" *Wilson*, 2020 WL 3056217, at *5 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973)).[3] A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser*, 411 U.S. at 484 (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).

It appears that Plaintiff may have been uncertain as to how to proceed to obtain the relief he seeks. His pleading is not captioned as complaint. He does not refer to 42 U.S.C. § 1983. He describes himself as "Petitioner" not "Plaintiff." Moreover, when notified that he had failed to pay the filing fee, he initially paid $5.00, the habeas corpus filing fee, and then eventually paid the $400.00 filing fee required for a civil rights action.

Nonetheless, the district court's initial characterization of this action as a prisoner civil rights action is not improper. Plaintiff indicated that he was commencing a civil rights action. Moreover, his pleading addresses the conditions of his confinement, which are are properly subjects for relief under 42 U.S.C. § 1983. *Preiser*, 411 U.S. at 499. Although the *Preiser* Court suggested it was not impossible for a prisoner to challenge the conditions of his confinement through a habeas corpus petition, the Supreme Court has never upheld a "conditions of confinement" habeas claim. Indeed, in *Muhammad v. Close*, 540 U.S. 749 (2004), the Court acknowledged that it had "never followed the speculation in *Preiser* . . . that such a prisoner subject

---

[3] The *Wilson* petitioners were federal prison inmates who brought habeas claims under 28 U.S.C. § 2241.

to 'additional and unconstitutional restraints' might have a habeas claim independent of § 1983 . . . ." *Id.* at 751 n.1.

In short, to the extent Plaintiff has stated a claim, he has failed to state a claim upon which the relief he requests can be granted. Accordingly, his complaint is properly dismissed. If Plaintiff wants to pursue relief other than release, he can file a timely motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) along with a statement of the relief he seeks other than release. If, on the other hand, Plaintiff wants to pursue release, he must file a petition for writ of habeas corpus under 28 U.S.C. § 2254. But, Plaintiff must comply with the exhaustion requirements for a habeas corpus petition first.

Because Plaintiff is not entitled to the relief he seeks, the Court will deny his requests for a temporary restraining order and a preliminary injunction. (ECF Nos. 1, 7,)

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be granted, under 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiffs' claims are properly dismissed, the Court does not conclude that any issue Plaintiffs might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiffs appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiffs are barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If they are

barred, they will be required to pay the $505.00 appellate filing fee in one lump sum. This is a dismissal as described by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.


Dated:   July 7, 2020                             /s/  Paul L. Maloney
                                                                                                    Paul L. Maloney
                                                                                                    United States District Judge